### HOWARD & CHILDS CO. v. CONATY.

(Supreme Court, Appellate Term.   May 7, 1909.)

PRINCIPAL AND AGENT (§ 23*)—EVIDENCE OF AGENCY—SUFFICIENCY.

In an action for the price of beer sold to defendant, evidence by defendant that he paid the price to another, and that such other was plaintiff's collector, was insufficient to establish the agency of the one to whom the money was paid.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. § 41; Dec. Dig. § 23.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the Howard & Childs Company against John Conaty. From a judgment for defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and DAYTON and GOFF, JJ.

Beardsley & Hemmens (Thomas H. Beardsley, of counsel), for appellant.

Charles K. Terry, for respondent.

PER CURIAM... This action is brought to recover a balance of $112 due from defendant to the plaintiff brewery for beer received by defendant. The defense is payment. The only evidence to sustain the answer is that defendant paid the amount to one Thomas Rodden. Defendant was then asked by his counsel:

"Q. Who is Thomas Rodden?
"Plaintiff's Counsel: I object, as a conclusion.
"The Court: Objection overruled.
"Plaintiff's Counsel: Exception.
"The Witness: He was a collector for the brewery.
"The Court: What brewery?
"The Witness: Howard & Childs.
"Plaintiff's Counsel: I move to strike that out as his own conclusion.
"The Court: Motion denied.
"Plaintiff's Counsel: Exception."

This and a similar preceding statement by defendant was the only evidence of Rodden's agency for the brewery. It was clearly insufficient, and the judgment for defendant, rendered upon the strength of it, must be reversed, and a new trial ordered, with costs to appellant to abide the event.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.